IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL DICHARO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT<br><br><br>Criminal Case No. 2:02-CR-470 TS |

This matter is before the Court on Defendant Carl Dicharo's pleading entitled, "Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; Motion for Injunctive Relief (FRCvP 65a)," filed September 6, 2005. Defendant seeks an order compelling the Bureau of Prisons (BOP) to grant "time credit for early release" for his completion of the intensive RDAP drug treatment program. As Rules 60 and 65(a) do not afford Plaintiff the relief sought, and it is, further, unavailable by other civil remedy, the Court will deny Plaintiff's Motion and close this case.

Defendant was sentenced by this Court on March 26, 2003, and Judgment was entered on March 27, 2003. After granting a Motion for Downward Departure based upon over-

representation of criminal history, the Court sentenced Defendant to 46 months BOP custody, and recommended placement in the RDAP program.

Neither Fed. R. Civ. P. 60 nor 65(a) afford relief in criminal cases. Further, even if the Court were to construe Defendant's Motion as one brought pursuant to 28 U.S.C. § 2255 to vacate or correct a federal sentence, such relief is also unavailable to Defendant, as the one-year statute of limitations has long since expired. Finally, while ordinarily, a reduction in time of up to one year is granted for prisoners who complete the program,[1] such a reduction is discretionary. This Court lacks the authority to compel the BOP to give the credited time sought by Defendant, as he does not have a right to it.

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; Motion for Injunctive Relief (FRCvP 65a) is DENIED.

---

[1] 18 U.S.C. § 3621(e)(2)(b) ("The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added).

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 18th day of November, 2005.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge